[No. 27059-1-I.    Division One.    May 26, 1992.]

THE TOWN OF CLYDE HILL, *Petitioner,* v. JOSEPH R. RODRIGUEZ, *Respondent.*

*Daniel L. Kinerk,* for petitioner.

*Douglas L. Cowan, Jr.,* and *Cowan, Hayne & Fox,* for respondent.

AGID, J. — On March 9, 1989, Joseph Rodriguez was arrested for driving while under the influence of intoxicating liquor. At the police station, Rodriguez was given his *Miranda*[1] warnings and warnings regarding his implied consent to submit to a breath test pursuant to RCW 46.20.308. The implied consent warning, which was in written form, stated:

> You are now under arrest for driving while intoxicated.
> You are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently to determine the alcohol content.
> According to the law I must advise you that you have the right to refuse to submit to the breath test. If you refuse, your privilege to drive will be revoked or denied by the Department of Licensing, and your refusal to take the test may be used in a criminal trial.
> You further have the right to take one or more tests administered by a physician, or a qualified technician, chemist, registered nurse, or other qualified person of your choosing.

Rodriguez signed the form and submitted to a breath test. The reading exceeded the legal limit.

Rodriguez was charged with violation of RCW 46.61.502, driving while under the influence of intoxicating liquor (DWI). He made a motion in District Court to suppress evidence of his breath test, arguing that the implied consent warning he received was inadequate. The District Court granted the motion. It ruled that the warning was inadequate because it failed to conform exactly to the language of RCW 46.20.308(2), which mandates such warnings. That statute provides, in part, that

> [t]he officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have *additional tests* administered by any qualified person of his or her choosing *as provided in RCW 46.61.506.*

---

[1]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

(Italics ours.) On September 12, 1990, the Superior Court summarily affirmed the District Court's ruling.

The District Court ruled that the warning in this case was inadequate for two reasons. First, it found that the language of the warning given to Rodriguez did not make it clear that he had the right to take tests of a *type* different from the breath test. Because it did not specifically name other types of tests, the District Court found that Clyde Hill's warning could be understood to mean only that Rodriguez had the right to take additional breath tests. Second, the court concluded that law enforcement was in fact required to use the precise language of the statute, or in the alternative, language which the Supreme Court set forth in *State v. Bartels*, 112 Wn.2d 882, 774 P.2d 1183 (1989), in giving the implied consent warning. Because the language of Clyde Hill's form was not precisely the same as either of these, the court determined that the warning given was insufficient.

The purpose of the implied consent statute, RCW 46.20.308, is to provide warnings to the defendant which enable him or her to make a knowing and intelligent decision as to whether to submit to a breath test. *State v. Whitman Cy. Dist. Court*, 105 Wn.2d 278, 282, 714 P.2d 1183 (1986). The purpose of allowing additional tests is to give the defendant a chance to impeach the breath test administered by law enforcement. *State v. Stannard*, 109 Wn.2d 29, 35, 742 P.2d 1244 (1987). As was stated by the Supreme Court in *State v. Canaday*, 90 Wn.2d 808, 817, 585 P.2d 1185 (1978), "the statutory requirement [that the defendant may obtain independent tests] demonstrates an important protection of the subject's right to fundamental fairness". If the warnings given are inadequate or misleading, evidence of the breath test must be suppressed. *Bartels*, 112 Wn.2d at 889; *Spokane v. Holmberg*, 50 Wn. App. 317, 323-24, 745 P.2d 49 (1987), *review denied sub nom. Box v. Grant Cy. Dist. Court*, 110 Wn.2d 1013 (1988).

With these principles in mind, we first address Rodriguez' contention that the following language from the *Bartels*

opinion sets forth a bright line rule mandating that these exact words must be used anytime the implied consent warning is given.

> [E]very DWI suspect must be advised of these four distinct rights: (1) "you have the right to refuse the breath or blood test;" (2) "if you refuse to submit to the test your privilege to drive will be revoked or denied;" (3) "your refusal to take the test may be used in a criminal trial;" and (4) "if you take the breath or blood test, you have the right to additional tests administered by any qualified person of your own choosing."

112 Wn.2d at 886. Because the warning in this case does not conform precisely to this language, Rodriguez argues it is inadequate in that it (1) fails to mention the blood test in the appropriate places, and (2) uses the term "one or more" rather than "additional".[2] For the reasons discussed below, we conclude that *Bartels* supports neither of Rodriguez' arguments.

*Bartels* involved six consolidated appeals. In each case, the driver had been arrested on suspicion of DWI. Each was given *Miranda* and implied consent warnings. Each agreed to take either a breath or blood test, and each test indicated the driver's blood contained an excessive amount of alcohol. As part of the implied consent warning, each driver was advised that he or she could seek additional tests "at your own expense". 112 Wn.2d at 884. The issue before the court was whether these superfluous words misinformed indigent drivers, thus interfering with their opportunity to intelligently exercise their right to take other tests. The Supreme Court ruled that the phrase was inaccurate as to indigent drivers since, under the Washington Rules of Court, an indigent person is entitled to reimbursement for such tests. 112

---

[2]The phrase "one or more" did not originate with Clyde Hill. It is used in RCW 46.61.506(5) to describe the alternative tests a DWI suspect may take. RCW 46.61.506, which is the statutory provision respondent and the dissent argue should be included in the text of the implied consent warnings reads, in part:

> The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer *one or more* tests in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

(Italics ours.) RCW 46.61.506(5).

Wn.2d at 887. Inclusion of the disputed clause in the warning thus interfered with an indigent driver's ability to make an informed judgment as to whether to take additional tests, requiring suppression of the results of their breath or blood tests. 112 Wn.2d at 888-89.

While the court in *Bartels* used the phrase "breath or blood test" in its recitation of the warning, in so doing it was not mandating that both tests be mentioned every time the warning is given. Rather, it was simply encompassing the facts of the six cases before it in which both types of tests had been administered at the direction of the arresting officers.[3] There are several reasons for this conclusion.

■ First, the portion of the *Bartels* opinion and the implied consent statute upon which Rodriguez relies mentions both types of tests only in the context of the test that law enforcement will administer, *not* in the context of informing the driver of his right to take additional tests. Second, even if both types of tests were referred to in the context of taking additional tests, the use of the disjunctive "or" in the statute and in *Bartels* demonstrates that the Legislature intended that one or the other type of test be mentioned, not both.

> This court has said that " '[w]hen the term "or" is used [in a statute] it is presumed to be used in the disjunctive sense, unless the legislative intent is clearly contrary.' " *Childers v. Childers*, 89 Wn.2d 592, 595, 575 P.2d 201 (1978). Further, " 'or' does not mean 'and' ". *Childers*, at 598.

(Citations omitted.) *In re Blauvelt*, 115 Wn.2d 735, 743, 801 P.2d 235 (1990). Had the Legislature intended to direct law enforcement officers to mention both tests, it could easily have used "and" rather than "or". Third, the statute requires that a breath, not blood, test be given unless the suspect is unconscious or is under arrest for injury to another. RCW 46.20.308(3). It would therefore be confusing

---

[3]RCW 46.20.308(2), which the *Bartels* court was summarizing, also contains the admonition that the person be informed "of his or her right to refuse the breath or blood test" at the time of arrest. However, we reject the argument that it mandates recitation of these two types of tests for several of the same reasons we believe the Supreme Court did not so hold in *Bartels*.

to a suspect in Rodriguez' position to be told he had a right to refuse a breath *or* blood test when it is clear that he can legally be asked only to submit to a breath test. The additional words do nothing to clarify his rights or enlighten his decision. Finally, the *Bartels* court was neither asked nor did it decide whether the implied consent warning should include any statement about the types of tests a driver could take if he or she wished to contest the accuracy of the test given at the time of arrest. Thus, the language on which Rodriguez relies must be read to require only that the police shall inform the driver that he or she has a right to refuse the type of test the police actually intend to administer. It would be both confusing and unavailing to do otherwise.

Moreover, any specification by law enforcement of the type of tests which may be available to the driver would in itself be potentially inaccurate or misleading. It is not clear what other tests, if any, can be used at trial. For example, RCW 46.61.506 does not provide that other tests, such as a urine test, may be admitted as evidence that the driver was intoxicated. But, as respondent's counsel pointed out at oral argument, this does not necessarily foreclose the use of such tests by the defense for impeachment purposes. Therefore, specification of only blood and breath tests in the warning could mislead the driver into assuming that tests of other bodily substances may not be used to impeach the test obtained by the officer.

The *Bartels* court made the following observation in ruling that adding the words "at your own expense" is misleading to indigent drivers:

> [w]hether the warning can be abstractly characterized as "accurate" is irrelevant. Informing an indigent driver that additional tests will definitely and finally be "at your own expense" is *less* accurate than saying nothing on that proposition.

112 Wn.2d at 888. The same reasoning applies here. While it is accurate in the abstract to refer to "breath or blood" tests in informing a driver of what kinds of tests are available, inclusion of this language in the warning might well give the

impression that these are the *only* tests the arrestee may use to impeach the State's test. This "is *less* accurate than saying nothing on that proposition." 112 Wn.2d at 888.

The better practice is for law enforcement to inform drivers in general language, such as that used here and in the statute, of the availability of additional testing. Such wording is sufficient to apprise them that they may seek other tests. This approach follows that of the Supreme Court in *State v. Richardson*, 81 Wn.2d 111, 499 P.2d 1264 (1972). There, the court held that the term "qualified person" was adequate in the context of the implied consent warning, and that the warning need not include a listing of the types of persons qualified to administer tests. In so ruling, the court stated, "if the arrested person decides to exercise his right to have additional tests made, he may ask for the further information". 81 Wn.2d at 116. We find that reasoning to be equally applicable here.[4]

Rodriquez also argues that the warning is inadequate because Clyde Hill substituted the words "one or more" for the statutory word "additional". The flaw in this argument is that the two terms mean virtually the same thing.[5] Neither term specifies the types of additional tests which are allowed, and substituting one for the other simply makes no substantive difference. The substitution can therefore impact no rights conferred by RCW 46.20.308.

---

[4]The dissent takes issue with this position on the ground that "the majority presents no authority which requires the police to give further information." Dissent, at 789. However, in urging that the warning contain a reference to RCW 46.61.506, the dissent relies upon the same opportunity to request further information as to the meaning of that statutory reference. "It is true that few, if any, drivers would know what that statute provided. However, mentioning it by number would suggest an inquiry as to its contents. The officer could then either make it available or read the applicable portions." Dissent, at 790. There is likewise no authority cited requiring the officer to do so. In our view, a simple reference to one or more tests better serves to inform the driver that he may inquire further. *Richardson*, 81 Wn.2d at 116.

[5]"Additional" is defined as "existing or coming by way of addition: ADDED, FURTHER". *Webster's Third New International Dictionary* 24 (1971).

Rodriguez nevertheless contends that case law has established that law enforcement is required to use the *exact* words of the statute, regardless of whether the modification in wording impacts the driver's understanding of the implied consent warning. We find no such requirement in the cases interpreting and applying the implied consent statute.

In *State v. Whitman Cy. Dist. Court*, 105 Wn.2d 278, 285-86, 714 P.2d 1183 (1986), the Supreme Court held that a warning which stated that refusal to take the breath test "shall" be used against the defendant required suppression of the test because it was inaccurate. The statutory language is that the refusal "*may* be used in a criminal trial." (Italics ours.) RCW 46.20.308(2). The court concluded that use of "shall" in the warning conveyed a *different*, more coercive, meaning than the statutory term "may". 105 Wn.2d at 285-86.

Rodriguez also relies on *Spokane v. Holmberg*, 50 Wn. App. 317, 745 P.2d 49 (1987), *review denied sub nom. Box v. Grant Cy. Dist. Court*, 110 Wn.2d 1013 (1988), in which Division Three of this court ruled that suppression was required when the defendant was not advised that refusal to take the test could be used at trial. In the context of that holding, the court stated that "any derogation from the statutory warnings requires suppression of the test results." 50 Wn. App. at 323. Again, however, the "derogation" at issue in that case was not the substitution of one synonymous term for another. Rather, *Holmberg* involved a complete failure to give one of the four warnings specified by the statute. Clearly, the complete failure to inform a suspect that evidence may be used at trial violated his "right to fundamental fairness". *Canaday*, 90 Wn.2d at 817.

Like *Bartels*, *Whitman* and *Holmberg* stand for the proposition that warnings which are inaccurate or misleading contravene the purpose of the implied consent warning and thus require suppression of the test results. These cases do not stand for the proposition that use of a linguistic *equivalent* of the statutory word requires suppression of the test results. Where no different meaning is implied or conveyed, the defendant is not misled. To hold otherwise would

exalt form over substance. The language used by Clyde Hill in this case is neither inaccurate nor misleading, and does not require suppression of the test results.

Finally, respondent and the dissent posit that the implied consent warning given at the time of arrest should inform the suspect that he or she has a "right to have additional tests administered by any qualified person of his or her choosing *as provided in RCW 46.61.506.*" (Italics ours.) RCW 46.20.308(2). No cases have required inclusion of the statutory reference to RCW 46.61.506 in the warning.[6] As we noted above, the proposition that such specificity is required, or for that matter even desirable, was rejected in *Richardson.*

> The language which the people themselves used in describing the right in question, in RCW 46.20.308, is sufficiently clear to give to a person of average mentality the understanding that he may have his own tests made if he fears the accuracy or fairness of the test to be given by law enforcement officers. It is this information which he needs in order to make his decision whether to submit to a test, and it, plus the information that his license will be revoked or denied if he refuses, is all that is necessary to the exercise of an intelligent judgment upon that question.
>
> This interpretation of the statute does not, as the respondents suggest, render the language "as provided in RCW 46.61.506" superfluous or meaningless. That section does elucidate in some detail the meaning of the words "qualified person" and a reference to it is logical. The advice given must be in harmony with that section, and if the arrested person decides to exercise his right to have additional tests made, he may ask for the further information which can be found in that section.

81 Wn.2d at 116.

We do not believe that reference to another statutory section would be of any practical or substantive value to a DWI suspect at the time of arrest.[7] In fact, only one of the

---

[6]Even the language set forth in *Bartels,* described by respondent as establishing the bright line rule for the content of the implied consent warning, excludes any reference to RCW 46.61.506. 112 Wn.2d at 886.

[7]Counsel for respondent informed us at oral argument that Bellevue police officers supply arrestees with a copy of RCW 46.61.506 at the time of arrest. While this is clearly more meaningful than a bare statutory citation, there is no legal requirement that the police do so.

six subsections of RCW 46.61.506 even relates to the right of an accused to have "one or more tests in addition to any administered at the direction of a law enforcement officer." RCW 46.61.506(5); *Richardson*, 81 Wn.2d at 114-15. The other five sections describe testing standards, qualifications of the persons administering tests and the right, which is *not* included in implied consent warnings mandated by RCW 46.20.308, of the accused to all information concerning the test administered by the police.

The better approach is suggested by the above quoted language from *Richardson*; *i.e.*, "if the arrested person decides to exercise his [or her] right to have additional tests made, he [or she] may ask for the further information". 81 Wn.2d at 116. The arrested person is free to ask for further information concerning the types of independent tests that may be obtained and who is qualified to perform them. We agree with the *Richardson* court that

> it can be assumed rather safely that a person under the influence of intoxicating liquor will be better able to grasp a brief statement of his rights than a lengthy exposition of them.

81 Wn.2d at 116. An accused may direct inquiries about the details of his right to obtain other tests to the arresting officer or, even better, to the counsel to which he or she is entitled. The purpose of the implied consent warning will then be met without the danger of confusing or misleading the arrestee.

Reversed.

PEKELIS, J., concurs.

FORREST, J. (dissenting) — The Town of Clyde Hill's warning neither follows the statute literally nor does it convey the significant information that the driver is entitled to secure a blood test. Therefore, I dissent. While the portion of RCW 46.20.308(2) dealing with the duty to inform is awkwardly phrased, it is this court's responsibility to interpret it to achieve its purposes with due respect to the language used.

The applicable portion of the statute reads:

> The officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506.

RCW 46.20.308(2). Rather than using the language of RCW 46.20.308, the Town chose to incorporate language from RCW 46.61.506(5):

> The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer one or more tests in addition to any administered at the direction of a law enforcement officer. . . .

Thus, the Town's warning is an amalgamation of the statutes and reads:

> You further have the right to take one or more tests administered by a physician, or a qualified technician, chemist, registered nurse, or other qualified person of your choosing.

I agree with the majority that the difference between "one or more" and "additional" is insignificant. Unfortunately, neither wording is very helpful to the driver.

Previous cases which have grappled with the informed consent statute suggest that the exact language of the statute is most desirable.[8] In my view, however, the warning should go beyond the words of the statute and the driver should be explicitly informed that he may procure an additional breath test or a blood test. This is his right. RCW 46.20.308 requires that he be informed of this right. The warning at issue here is completely ineffectual in informing him of the scope of this right.

The inadequacy of the warning is particularly harmful considering that the right to acquire other tests which may impeach the State's test is one of the constitutional linchpins which support the informed consent statute.[9] There are

---

[8]*State v. Whitman Cy. Dist. Court*, 105 Wn.2d 278, 714 P.2d 1183 (1986); *Spokane v. Holmberg*, 50 Wn. App. 317, 745 P.2d 49 (1987), *review denied sub nom. Box v. Grant Cy. Dist. Court*, 110 Wn.2d 1013 (1988).

[9]*State v. Canaday*, 90 Wn.2d 808, 817, 585 P.2d 1185 (1978) ("the statutory requirement demonstrates an important protection of the subject's right to

few rights more central to a fair trial than the right to obtain and present exculpatory evidence. Indeed, it is hard to imagine any evidence which would be more probative as to a driver's guilt or innocence than an independently obtained blood test which impeaches the State's breath test. Moreover, there is a very narrow window of opportunity in which such a test could be obtained. Thus, of the four warnings which RCW 46.20.308 mandates, the warning at issue here is by no means of secondary importance.

The majority concedes that the warning given to Rodriguez fails to fully apprise him of his right, but approves the warning nonetheless on the basis that Rodriguez could have asked for further information. While it is certainly true that a driver in Rodriguez's position can ask for further information, the majority presents no authority which requires the police to give further information. Nor is it clear what further information should be given. The majority states a preference that the suspect ask counsel for this information. In doing so, the majority has effectively delegated to defense counsel, assuming there is defense counsel, a duty which the Legislature has expressly placed on the State — the duty to inform the driver of his rights.

The majority suggests that a statement which informs the driver of his right to a blood test would not be completely accurate because there is a possibility that tests of other bodily substances, such as urine, might be admissible at trial. This logic is unpersuasive. Blood tests are clearly admissible as evidenced by RCW 46.61.506. It seems strange and indefensible to fail to inform the driver of his right to admissible impeachment evidence because he might infer there is no right to other arguably inadmissible evidence. As stated by the Supreme Court in *State v. Whitman Cy. Dist. Court*, 105 Wn.2d 278, 287, 714 P.2d 1183 (1986), "[a]n advisement of rights does not purport to address intricate evidentiary questions."

---

fundamental fairness which is built into our implied consent procedure."). *See also* Holscher, *Expanding Miranda: The Duty of Police to Advise Motorists Arrested for Driving Under the Influence of Their Right to an Independent Blood Alcohol Test*, 16 New Eng. J. Crim. & Civ. Confinement 209 (1989-1990).

At the very least, I think that the Town was required to follow the language of RCW 46.20.308 and make explicit reference to RCW 46.61.506. It is true that few, if any, drivers would know what that statute provided. However, mentioning it by number would suggest an inquiry as to its contents. The officer could then either make it available or read the applicable portions. This approach at least complies literally with the statutory requirement and is more likely to lead the driver to an inquiry which will indeed fully inform him of his rights.

I would reverse the conviction because of the failure of the Town's warning to include the reference to RCW 46.61.506 and I would announce a rule requiring that the driver be advised in substance that he or she has the right to secure an additional breath test or a blood test.

Review denied at 119 Wn.2d 1022 (1992).