[Nos. 49727-8-I; 49750-2-I; 49751-1-I. Division One. July 22, 2002.]

KIMBERLEE A. PATTISON, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

ZACHARY A. CORNFOOT, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

KELLY D. NORMAN, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

---

[42] *Green River Cmty. Coll. Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 442-43, 730 P.2d 653 (1986).

[43] *Leslie*, 90 Wn. App. at 807.

*Christine O. Gregoire, Attorney General*, and *Gwendolyn Howard* and *Sharon S. Eckholm, Assistants*, for appellant.

*Albert A. Rinaldi, Jr.*, for respondents.

BECKER, C.J. — At issue is an implied consent warning form used by the Washington State Patrol. The form contains all the statutorily required warnings, and additional information about what will happen if the driver is in violation of the criminal statutes that prohibit driving while under the influence. The State Patrol warnings are neither inaccurate nor misleading. The superior court's ruling to the contrary is reversed. We remand for reinstatement of the administrative orders revoking or suspending the licenses of the respondents.

This appeal involves the consolidated cases of three drivers. Each driver, on separate occasions, was arrested on suspicion of driving under the influence. Each driver was over the age of 21 at the time of arrest. In each case, an officer read the driver the implied consent warnings from the Washington State Patrol warning form. Respondent Kimberlee Pattison refused to take a breath test. Respondents Kelly Norman and Zachary Cornfoot each submitted to a breath test and provided samples that were over the legal limit of 0.08.

The Department of Licensing revoked or suspended each driver's license upon receiving the breath test reports. Each driver requested an administrative hearing on the revocation or suspension. In each case the hearing officer sustained the revocation or suspension. Each driver appealed to King County Superior Court, where the cases were consolidated.

The superior court reversed the administrative orders after finding that the warnings misstated the law. This court granted the Department of Licensing's request for discretionary review.

This court stands in the same position as the trial court in reviewing the Department of Licensing's revocation decisions. *Grewal v. Dep't of Licensing*, 108 Wn. App. 815, 819, 33 P.3d 94 (2001). The validity of implied consent warnings is a question of law subject to de novo review. *Moffitt v. City of Bellevue*, 87 Wn. App. 144, 146, 940 P.2d 695 (1997).

Under Washington's implied consent statute, RCW 46-.20.308, any person driving a car in this state is deemed to have consented to a breath or blood test to determine the alcohol concentration in his or her system upon being arrested for driving or physically controlling a car while under the influence of alcohol. RCW 46.20.308(1). The statute requires the arresting officer to give specific warnings to the driver as to the consequences of the breath or blood test.

■ ■ The purpose for the warning requirement is to ensure that the driver is afforded "the opportunity to make a knowing and intelligent decision whether to take the Breathalyzer test." *Gonzales v. Dep't of Licensing*, 112 Wn.2d 890, 897, 774 P.2d 1187 (1989). There is no requirement that the warnings exactly match the statutory language. A warning is neither inaccurate nor misleading as long as "no different meaning is implied or conveyed." *Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 785, 831 P.2d 149 (1992). An officer may provide additional information in the warnings, provided that the information does not affect the driver's ability to make a knowing and informed decision. *Moffitt*, 87 Wn. App. at 148.

■ According to the statute, an officer must inform the driver of his or her right to refuse the test and to have additional tests administered by any qualified person of his or her choosing. RCW 46.20.308(2). Further, the officer must warn the driver that

(a) His or her license, permit, or privilege to drive will be revoked or denied if he or she refuses to submit to the test;

(b) His or her license, permit, or privilege to drive will be suspended, revoked, or denied if the test is administered and the test indicates the alcohol concentration of the person's breath or blood is 0.08 or more, in the case of a person age twenty-one or over, or in violation of RCW 46.61.502, 46.61.503, or 46.61.504 in the case of a person under age twenty-one; and

(c) His or her refusal to take the test may be used in a criminal trial.

RCW 46.20.308(2).

The State Patrol developed an implied consent warning form based on the statute. In so doing, the State Patrol modified the statutory language. The State Patrol form reads:

You are now advised that you have the right to refuse this breath test; that if you refuse, your license, permit, or privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests

administered by any qualified person of your choosing and that your refusal to take the test may be used in a criminal trial; and

You are further advised that your license, permit, or privilege to drive will be suspended, revoked, or denied if the test is administered and the test indicates the alcohol concentration of your breath is 0.08 or more, if you are age 21 or over, or 0.02 or more if you are under age 21; or if you are in violation of RCW 46.61.502, 46.61.503 or 46.61.504.

The State Patrol warning omits none of the statutorily required information. It adds a specific reference to the 0.02 threshold now in effect for drivers under age 21, as provided by RCW 46.61.503. And the last sentence of the State Patrol form advises every person, regardless of age, that "your license, permit, or privilege to drive will be suspended, revoked, or denied" if the breath test result is over the limit or if you are "in violation of RCW 46.61.502, 46.61.503 or 46.61.504." This contrasts with the statutory language, which makes the "if . . . in violation of" warning applicable only "in the case of a person under age twenty-one." RCW 46.20.308(2)(b).

The respondents have failed to show that the State Patrol warning form inaccurately states the law. Under the implied consent statute, those who refuse to submit to a breath test will have their driving privileges suspended, revoked or denied by the Department of Licensing. RCW 46.20.308(7), .3101(1). Those over 21 years of age who have a blood alcohol concentration of 0.08 or greater will have their license suspended, revoked, or denied. RCW 46-.20.308(7), .3101(2). Those under 21 years of age who have a blood alcohol concentration of 0.02 or greater will have their license suspended, revoked, or denied. RCW 46-.20.308(7), .3101(3). And the Department is required by RCW 46.61.5055(6) to suspend, revoke, or deny the driving privileges of any person who is convicted of driving or being in physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. *See* RCW 46-.61.502 (driving) and RCW 46.61.504 (physical control).

The State Patrol warning states, "your license . . . to drive will be suspended . . . if you are in violation of" any of the three driving under the influence criminal statutes. The drivers contend that "if you are in violation of" would reasonably be understood as "if you are arrested." They argue that the use of the term "violation" could mislead drivers into believing that losing one's license is an inevitable consequence of merely being arrested.

A driver has the right to have "accurate warnings given that are phrased so that one of normal intelligence would understand the consequences of his or her actions." *Gibson v. Dep't of Licensing*, 54 Wn. App. 188, 194, 773 P.2d 110 (1989). We are not persuaded that a person of normal intelligence would believe, upon hearing the State Patrol's warning, that "if you are in violation of" refers to the arrest that has already occurred. The more reasonable understanding of the warning, in context, is that the phrase "if you are in violation of" means "if you are prosecuted and convicted for."

The drivers contend that the reference to criminal sanctions in the State Patrol's warning form is misleading. They argue that the sole purpose of the implied consent statute is to inform drivers of the possible administrative actions that may be taken against their license as a result of the decision to submit to a breath test or refuse it. The penalties provided by the implied consent statute for the refusal to take a breath test are indeed separate and distinct from penalties imposed as the result of a criminal trial. *Fritts v. Dep't of Motor Vehicles*, 6 Wn. App. 233, 241, 492 P.2d 558 (1971); *Nowell v. Dep't of Motor Vehicles*, 83 Wn.2d 121, 124, 516 P.2d 205 (1973). But the fact that administrative proceedings and penalties are distinct from criminal proceedings and penalties does not make it misleading to include in the warnings accurate information about the loss of license that will occur as the result of a criminal conviction. The additional information does not impair a driver's ability to make an informed decision about taking a breath test.

# 677

Because the drivers were given accurate warnings that provided them with the opportunity to knowingly and intelligently decide whether to submit to the test, the drivers were not prejudiced. Suppression of the breath test was not required.

The ruling of the superior court is reversed. The cases are remanded for reinstatement of the Department of Licensing's orders of suspension and revocation.

ELLINGTON and SCHINDLER, JJ., concur.

Review denied at 148 Wn.2d 1019 (2003).