[Nos. 20462-6-III; 20580-1-III. Division Three. December 26, 2002.]

MATTHEW A. JURY, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.
JAMES RICHARD BOURQUIN, *Respondent*, v. THE DEPARTMENT OF LICENSING, *Appellant*.

*Christine O. Gregoire, Attorney General*, and *Timothy S. Hamill, Assistant*, for appellant.

*Albert A. Rinaldi, Jr.*, for respondents.

SWEENEY, J. —Washington's implied consent law prescribes that a driver impliedly consents to take a breath or blood test as a condition of the privilege of driving. RCW 46.20.308(1). But it also requires that the arresting officer inform the driver of his or her right to refuse a breath test, the consequences of refusing the breath test, and other licensing action which may follow criminal conviction. RCW 46.20.308(2). These required warnings are set out in the statute. *Id.* Here, the Washington State Patrol standard warnings varied from those set out in the statute by placement of a semicolon. The question before us is whether the warnings nonetheless permitted these drivers to make a knowing and informed decision on whether to take or refuse to take the breath test. We conclude that they did and therefore reverse the trial judge's decision to the contrary.

## FACTS

Both Matthew A. Jury and James R. Bourquin[1] were stopped by police. One had been speeding; one had driven erratically. Both showed the usual physical signs following drinking—smell of intoxicants, bloodshot eyes, flushed face, and the like.

The implied consent statute required the officers to

> inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506 [option to take a blood test or breath test]. The officer shall warn the driver that:
>
> (a) His or her license, permit, or privilege to drive will be revoked or denied if he or she refuses to submit to the test;
>
> (b) His or her license, permit, or privilege to drive will be suspended, revoked, or denied if the test is administered and the test indicates the alcohol concentration of the person's breath or blood is 0.08 or more, in the case of a person age twenty-one or over, or in violation of RCW 46.61.502, 46.61.503, or 46.61.504 in the case of a person under age twenty-one; and
>
> (c) His or her refusal to take the test may be used in a criminal trial.

RCW 46.20.308(2).

Here, each of the arresting officers used a standard state patrol form which provided in part:

> You are further advised that your license, permit, or privilege to drive will be suspended, revoked, or denied if the test is administered and the test indicates the alcohol concentration of your breath is 0.08 or more, if you are age 21 or over, or 0.02 or more if you are under age 21; or if you are in violation of RCW 46.61.502, 46.61.503 or 46.61.504.

Clerk's Papers for Jury (CPJ) at 16; Clerk's Papers for Bourquin (CPB) at 43 (emphasis added).

---

[1] Both cases involve identical issues of law. And we therefore consolidate them for purposes of this opinion. RAP 3.3(b).

Both men elected to take the test. And both men blew in excess of 0.08. Both men are also over 21. Both received a notice of intent to suspend their licenses from the Department of Licensing. Both requested administrative hearings.

At the administrative hearings, both argued that the semicolon preceding the clause "or if you are in violation of RCW 46.61.502" rendered the warning misleading, and therefore invalid. Their argument was essentially that the phrase set off by the semicolon did not relate strictly to those under 21 as the statute intended. And the net effect was that it related to everybody. So they stood to lose their license regardless of their breath results. The hearing examiner rejected that interpretation.

Both appealed to superior court. The superior court judge ruled that the warnings were misleading. Therefore, neither Mr. Jury nor Mr. Bourquin could make a knowing and informed decision.

In another ruling related only to Mr. Jury's license suspension, the court also held that a laser gun used by the arresting officer to estimate speed could not provide the basis for the officer's estimate of speed because it had not been properly, scientifically validated. The Department of Licensing appeals both rulings.

## DISCUSSION

### STANDARD OF REVIEW AND CONSTRUCTION

 The legal sufficiency of implied consent warnings is a question of law. And so our review is de novo. *Pattison v. Dep't of Licensing*, 112 Wn. App. 670, 673, 50 P.3d 295 (2002). The warnings must permit someone of normal intelligence to understand the consequences of his or her actions. *State v. Whitman County Dist. Court*, 105 Wn.2d 278, 286, 714 P.2d 1183 (1986). But the driver's decision to take or refuse the breath test need not be knowingly and intelligently made. *Medcalf v. Dep't of Licensing*, 133 Wn.2d 290, 299, 944 P.2d 1014 (1997). The test here then is not whether Mr. Jury or Mr. Bourquin understood these warn-

ings. The warnings must only permit the opportunity for a knowing and intelligent decision. *Gonzales v. Dep't of Licensing*, 112 Wn.2d 890, 897, 774 P.2d 1187 (1989). And the warnings need not exactly match the statutory language, just so long as the meaning implied or conveyed is not different from that required by the statute. *Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 785-86, 831 P.2d 149 (1992).

ADEQUACY OF WARNINGS

The primary problem urged here on appeal by Mr. Jury and Mr. Bourquin is the same one urged at the trial court. That is, the last clause "or if you are in violation of RCW 46.61.502, 46.61.503 or 46.61.504" was misleading to the extent that they were unable to make a knowing and intelligent decision on the breath test.

Their argument rests on two assertions. First, that violation of the three statutes set out in RCW 46.20.308(2)(b) was intended to apply only to persons under the age of 21. It was, therefore, misleading as to them since there is no such age restriction in the state patrol form. Second, the words "in violation of" would be reasonably understood to mean "arrested." That is, by being arrested for violation of the DUI[2] statute (RCW 46.61.502) or the physical control statute (RCW 46.61.504), a person would reasonably understand that he was in violation of those statutes.

The trial court essentially agreed with that position. And as a consequence it concluded: "[i]n other words he doesn't have a choice no matter whether he elects to take the test or not." CPJ at 95; CPB at 76.

First of all, the warnings here conformed to the general statutory requirements of RCW 46.20.308, which have two prongs. Both prongs inform of potential licensing consequences—one administrative and one criminal. If you refuse to take the test, your license will be suspended. RCW 46.20.308(2)(a). And if you are convicted of violating certain

---

[2] Driving while under the influence of intoxicants.

statutes, your license will be suspended. RCW 46.20-.308(2)(b).

The intent of the warning statute (RCW 46.20.308) may have been to limit the warnings to those over 21 years old. *See* RCW 46.20.308(2)(b).[3] But it is certainly not a misstatement of the law to warn of a possible loss of license for violating any of the three: RCW 46.61.502 (driving while under the influence); RCW 46.61.503 (driver under 21 consuming alcohol); RCW 46.61.504 (physical control of a vehicle while under the influence). As the court noted in *Pattison v. Department of Licensing*:

> And the Department is required by RCW 46.61.5055(6) to suspend, revoke, or deny the driving privileges of any person who is convicted of driving or being in physical control of a motor vehicle while under the influence of intoxicating liquor or drugs.

*Pattison*, 112 Wn. App. at 675.

The Washington State Patrol warnings then correctly warn people of any age faced with making the decision whether to submit to a breath test that if convicted under RCW 46.61.502 or 46.61.504 their license will be suspended, revoked, or denied. The law provides for mandatory suspension or denial of the driving privilege of a person convicted of driving or being in physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. RCW 46.61.5055(6). There is then nothing misleading or inaccurate about this additional information.

Mr. Jury and Mr. Bourquin argue nonetheless that the words "in violation of" could reasonably be understood to occur upon arrest as in these drivers were arrested for a violation of the respective DUI statutes. But the language in the state patrol warning is contingent and clearly condi-

---

[3] "The officer shall warn the driver that: [h]is or her license, permit, or privilege to drive will be suspended, revoked, or denied if the test is administered and the test indicates the alcohol concentration of the person's breath or blood is 0.08 or more, in the case of a person age twenty-one or over, or in violation of RCW 46.61.502, 46.61.503, or 46.61.504 in the case of a person under age twenty-one . . . ."

tional. It says "if"—as in *only* if you are in violation. That should be read by the reasonable person to require some proof and conviction that you are in violation. And not, as Mr. Jury and Mr. Bourquin suggest, that the officer's determination that there has been a violation is sufficient. There would be no need for the conditional word "if" if that were the case.

We, like the court in *Pattison*, believe that "[t]he more reasonable understanding of the warning, in context, is that the phrase 'if you are in violation of' means 'if you are prosecuted and convicted for.'" *Pattison*, 112 Wn. App. at 676.

The word "violation" should be read in context. Suspension will occur in this case only *if* the person is in violation of RCW 46.61.502, 46.61.503, or 46.61.504. The warnings then communicate information in addition to the statutory implied consent warnings.

The State should not be required to tailor these warnings to every driver stopped. The state patrol's form tracks the required statutory language sufficiently to warn someone detained of both the administrative and criminal licensing consequences.

Finally, the fact that the implied consent warning statute, RCW 46.20.308, mixes administrative sanctions and criminal sanctions does not make the warnings misleading. If anything, it adds to the body of knowledge for someone arrested to make the decision whether to take the breath test or refuse it. Whether an individual submits to the breath test or not, he may be charged with a related criminal offense and, if (and "if" is the operative word) convicted, he or she will lose his or her driving privileges.

In sum, the state patrol warnings adequately inform a driver that he will lose his license if

(a) Your breath or blood alcohol content is 0.08 or more and you are over 21 years old, or

(b) Your breath or blood alcohol content is 0.02 or more and you are under 21 years old, or

(c) You are in violation of RCW 46.61.502 (DUI law) and your breath or blood alcohol content is 0.08 or more and you are driving and 21 years old or over, or

(d) You are in violation of RCW 46.61.503 (minor in possession driving law) and your breath or blood alcohol content is 0.02 or more and you are driving and under 21 years old, or

(e) You are in violation of RCW 46.61.504 (physical control law) and your breath or blood alcohol content is 0.08 or more and you are in physical control of a vehicle.

Bottom line: The only way these drivers will not lose their licenses is if the breath or blood alcohol content is under 0.08.

The purpose of these warnings is to advise the licensee that he or she will lose his or her license administratively if he or she blows over certain legal limits or refuses to take the test. And he or she will lose his or her license if he or she is convicted of violating related statutes. That is correct, accurate, and furthers the purpose of the implied consent law. RCW 46.20.308.

Each and every purpose behind the implied consent statute is then served by this form. *See Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 47, 50 P.3d 627 (2002) (implied consent statute enacted "(1) to discourage persons from driving motor vehicles while under the influence of alcohol or drugs; (2) to remove the driving privileges of those persons disposed to driving while intoxicated; and (3) to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication").

The argument here has to be that but for this additional information a different choice would have been made as to whether to take the breath test. But what would that choice have been? And why? We are not told.

USE OF A LASER SPEED GUN (MATTHEW A. JURY)

The State appeals the trial judge's conclusion that the Kustom Pro Laser II speed gun used by the state patrol officer to clock Mr. Jury's speed was not scientifically validated as a speed measuring device. The State responds

that the officer's observation of Mr. Jury's vehicle, coupled with use of the speed measuring device, provides ample support for a reasonable articulable suspicion of a traffic infraction. *See Clement v. Dep't of Licensing*, 109 Wn. App. 371, 376, 35 P.3d 1171 (2001) (visual observations of motorist's car coupled with information that the radar showed car approaching at a speed in excess of the speed limit justifies traffic stop for speeding), *review denied*, 146 Wn.2d 1017 (2002). The officer must have probable cause. *Id.* at 375. Probable cause requires facts and circumstances "sufficient to warrant a person of reasonable caution to believe that an offense has been committed." *Id.* Here, that probable cause followed the officer's physical observation of the car and his use of the laser speed measuring device. The challenge in this case is to the scientific validity of the speed measuring device. Mr. Jury argues that no Washington appellate case has passed upon whether a laser speed measuring device meets the necessary scientific threshold.

The threshold requirement for an officer's testimony in an implied consent hearing is modest:

> The sworn report or report under a declaration authorized by RCW 9A.72.085 of the law enforcement officer and any other evidence accompanying the report shall be admissible without further evidentiary foundation . . . .

RCW 46.20.308(8).

▆▆▆ First, use of the laser technology has been specifically accepted in other jurisdictions. *See, e.g., Van Nort v. State*, 250 Ga. App. 7, 550 S.E.2d 111 (2001); *Goldstein v. State*, 339 Md. 563, 664 A.2d 375 (1995); *State v. Abeskaron*, 326 N.J. Super. 110, 740 A.2d 690 (App. Div. 1999); *City of Columbus v. Barton*, 106 Ohio Misc. 2d 17, 18, 733 N.E.2d 326 (1994) ("The laser speed detector is reliable and accurate as a scientific measure of the speed of a moving object, which can be used by law enforcement personnel to measure vehicle speed, provided that the device is used in accordance with certain procedures delineated by the manufacturer."). And pursuant to court rules, the certifica-

tion of this electronic speed measuring device has been made in at least the city of Federal Way. CrRLJ 6.13; IRLJ 6.6; FEDERAL WAY MUNICIPAL COURT LOCAL RULE 6.2. That is sufficient for this officer to predicate an opinion on the speed of Mr. Jury's vehicle for the purposes of the implied consent statute.

We therefore reverse the trial court's decision reinstating these licenses.

KATO, A.C.J., concurs.

KURTZ, J. (dissenting) — I respectfully dissent, because I agree with the trial court that the warnings provided to Mr. Jury and Mr. Bourquin were inaccurate and potentially misleading. They were informed that their licenses would be suspended or revoked if they were in violation of RCW 46.61.502, RCW 46.61.503, or RCW 46.61.504. Because they were 21 years of age or older, RCW 46.61.503 does not apply to them. More importantly, a driver over 21 years of age must be convicted of violating RCW 46.61.502 or RCW 46.61.504 before his or her license will be suspended or revoked.

The purpose of the warning requirement is to ensure the driver is afforded "the opportunity to make a knowing and intelligent decision whether to take the Breathalyzer test." *Gonzales v. Dep't of Licensing*, 112 Wn.2d 890, 897, 774 P.2d 1187 (1989). The emphasis, however, is not upon what the driver understood, but upon the content of the information provided to the driver. *Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 785, 831 P.2d 149 (1992). For example, in *Gibson v. Department of Licensing*, 54 Wn. App. 188, 773 P.2d 110 (1989), the driver argued that his license should not be revoked for refusal to take the breath test because a mental illness rendered him incapable of understanding the implied consent warning and the consequences of noncompliance. Division One of this court rejected Mr. Gibson's contention, stating he had "the *right* to have accurate warnings given that are phrased so that one of

normal intelligence would understand the consequences of his or her actions." *Id*. at 194.

The state patrol form states, "your license . . . to drive will be suspended . . . if you are in violation of" any of the three DUI[4] statutes. Clerk's Papers for Jury at 16; Clerk's Papers for Bourquin at 43. As in this case, the drivers in *Pattison v. Department of Licensing*, 112 Wn. App. 670, 50 P.3d 295 (2002) argued that "if you are in violation of" is reasonably understood as "if you are arrested." *Id*. at 676. They contended that use of the term "violation" could mislead drivers into believing that losing one's license is an inevitable consequence of merely being arrested. Division One disagreed, and held that "[t]he more reasonable understanding of the warning, in context, is that the phrase 'if you are in violation of' means 'if you are prosecuted and convicted for.' " *Id*. The *Pattison* analysis relies upon what the driver reasonably understood as opposed to the accuracy of the information provided to the driver.

The crux of the analysis in the present cases, as in *Pattison*, is whether the phrase "in violation of" is reasonably understood to mean "prosecuted and convicted for." The phrase is used in the state patrol form in the same manner as it is used in a criminal information. A criminal information describes the defendant's conduct and states the conduct is in violation of a criminal statute, prohibiting such conduct. In that context, the phrase "in violation of" references the criminal statute, but does not mean "prosecuted and convicted for." Here, Mr. Jury and Mr. Bourquin were informed that their driver's licenses would be suspended or revoked if they were in violation of any of the three DUI statutes. That information was inaccurate and potentially misleading. One can violate a statute and be arrested for that violation, but any of a number of reasons can keep the State from obtaining a conviction.

I would affirm the trial court.

Review denied at 149 Wn.2d 1034 (2003).

---

[4] Driving while under the influence of intoxicants.