262 P.3d 65 (2011)
Leesa Marie LYNCH, Respondent,
v.
STATE of Washington, DEPARTMENT OF LICENSING, Appellant.
No. 40041-3-II.
Court of Appeals of Washington, Division 2.
July 19, 2011.
Publication Ordered August 14, 2011.
*66 Toni Marie Hood, Office of The Attorney General, Olympia, WA, for Appellant.
Barbara Ann Bowden, Law Office of Barbara Bowden, Lakewood, WA, Michael R. Frans, Law Office of Michael R. Frans, Burien, WA, for Respondent.
VAN DEREN, J.
¶ 1 The State appeals the trial court's order reversing the Washington State Department of Licensing's (Department) decision to suspend Leesa Marie Lynch's driver's license and disqualify her commercial driver's license (CDL). The State argues that the implied consent warnings Lynch received were accurate and not misleading, and that Lynch failed to prove that the warnings prejudiced her. We hold that the warnings were not inaccurate or misleading and that Lynch has not shown actual prejudice in this civil proceeding. We reverse the superior court and affirm the Department's suspension of Lynch's driver's license and disqualification of her CDL.

FACTS
¶ 2 In the early morning of March 27, 2009, Washington State Patrol Trooper John Garden arrested Lynch for driving her personal vehicle under the influence (DUI). At 2:33 am, Lynch volunteered to take a portable breath test (PBT) and blew a breath sample that measured her blood alcohol content (BAC) at 0.125.[1] Lynch told Garden "she stopped by a bar after work and had a couple drinks." Admin. Record (AR) at 51.
¶ 3 Garden placed Lynch in custody, informed her of her Miranda[2] rights, and *67 transported her to the Sumner Police Department. At the police station, Garden read Lynch the implied consent warnings regarding taking the BAC tests that stated:

Warning! You are under arrest for:

. . .
RCW 46.61.502 or RCW 46.61.504: Driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor and/or drugs.
. . . .
Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol concentration.
1. You are now advised that you have the right to refuse this breath test; and that if you refuse:
(a) Your driver's license, permit, or privilege to drive will be revoked or denied by the [D]epartment . . . for at least one year; and
(b) Your refusal to submit to this test may be used in a criminal trial.
2. You are further advised that if you submit to this breath test, and the test is administered, your driver's license, permit, or privilege to drive will be suspended, revoked, or denied by the [D]epartment . . . for at least ninety days if you are:
(a) Age twenty-one or over and the test indicates the alcohol concentration of your breath is 0.08 or more, or you are in violation of RCW 46.61.502, driving under the influence, or RCW 46.61.504, physical control of a vehicle under the influence; or
(b) Under age twenty-one and the test indicates the alcohol concentration of your breath is 0.02 or more, or you are in violation of RCW 46.61.502, driving under the influence, or RCW 46.61.504, physical control of a vehicle under the influence.
3. If your driver's license, permit, or privilege to drive is suspended, revoked, or denied, you may be eligible to immediately apply for an ignition interlock driver's license.
4. You have the right to additional tests administered by any qualified person of your own choosing.
For those not driving a commercial motor vehicle at the time of arrest: If your driver's license is suspended or revoked, your commercial driver's license, if any, will be disqualified.
AR at 46 (capitalization omitted). Lynch was unable to sign the implied consent warnings form because she was handcuffed, but she confirmed to Garden that she "acknowledge[d] and understood" the warnings and agreed to give two breath samples. AR at 46. Garden then administered two BAC DataMaster tests that measured Lynch's breath alcohol level at 0.110 and 0.120.
¶ 4 On April 7, the Department mailed Lynch (1) an "order of suspension" informing her that her "driving privilege w[ould] be suspended for 90 days on May 27, 2009, at 12:01 a.m., for being in physical control or driving under the influence of alcohol," in violation of RCW 46.20.3101,[3] and (2) a "notice of disqualification," informing her that her CDL would be disqualified on May 27 for one year under RCW 46.25.090.[4] AR at 43, 59 (capitalization omitted).
*68 ¶ 5 At the subsequent administrative hearing that Lynch requested, she argued that her license suspension should be rescinded because (1) Garden lacked a legal basis to make contact with her on the night of her arrest, (2) Garden lacked a sufficient basis to believe that Lynch was driving while impaired, (3) the BAC machine was not an approved device, making the results inadmissible, and (4) Lynch was denied the opportunity to make a knowing and intelligent decision regarding whether she should take the breathalyzer test.
¶ 6 The administrative hearing officer found that (1) the initial contact was justified based on Lynch's vehicle traveling 80 miles per hour (mph) in a 60 mph zone; (2) Garden had probable cause to arrest Lynch based on "behavioral and physical indicia of alcohol consumption," Lynch's admission that she had consumed alcohol, and Lynch's 0.125 result from the PBT that indicated Lynch had been driving her vehicle in violation of RCW 46.61.502; (3) the BAC DataMaster machine was approved and the results admissible; and (4) Garden "informed [Lynch] of the implied consent rights and warnings," and Lynch "expressed no confusion regarding the[] implied consent rights and warnings and signed the form." AR at 4. Additionally, the hearing officer concluded that Lynch "did not express confusion and the warnings that appear on the form are exactly what are listed in the statute. [Lynch] was properly informed of the rights and warnings required by RCW 46.20.308. [Lynch] had an opportunity to make a knowing and intelligent decision about taking the test." AR at 6. The hearing officer sustained the Department's suspension of Lynch's driving privileges under RCW 46.20.308.
¶ 7 On August 19, Lynch appealed the Department's order to the superior court, arguing that the "hearing examiner erred in failing to suppress the breath test, as the [implied consent] warnings read to . . . Lynch [we]re misleading and inaccurate and deprived her of an opportunity to make a knowing and intelligent decision regarding whether or not to submit to the breath test." Clerk's Papers (CP) at 8. The superior court reversed the hearing examiner's ruling, holding that
the implied consent warnings read to . . . Lynch were misleading in two respects: 1) the warnings implied the availability of the ignition interlock license would serve as a remedy for CDL disqualification; and 2) the warning was misleading as to the length of the CDL disqualification. The misleading nature of the warning prejudiced. . . Lynch's ability to make a knowing and intelligent decision whether to take the BAC test.
CP at 139 (capitalization omitted). The superior court denied the State's reconsideration motion. We granted the State discretionary review.[5]

ANALYSIS
¶ 8 The State argues that the superior court erred in reversing the Department's order and in finding that the implied consent warnings were misleading. Lynch responds that the superior court properly reversed the Department's order because the warnings were misleading and implied that any CDL disqualification could be remedied by an ignition interlock driver's license and that the duration of the CDL disqualification would be for the same period of time as the suspension or revocation of Lynch's personal driver's license. We agree with the State.

*69 I. Implied Consent Warning under RCW 46.20.308

A. Standard of Review
¶ 9 The validity of implied consent warnings is a question of law that we review de novo. Jury v. Dep't of Licensing, 114 Wash.App. 726, 731, 60 P.3d 615 (2002). We review the administrative order to determine whether the Department committed any errors of law, and we uphold findings of fact supported by substantial evidence. RCW 46.20.308(9); Clement v. Dep't of Licensing, 109 Wash.App. 371, 374, 35 P.3d 1171 (2001).

B. Implied Consent Statute
¶ 10 Washington's implied consent statute, RCW 46.20.308, "was enacted (1) to discourage persons from driving motor vehicles while under the influence of alcohol or drugs, (2) to remove the driving privileges of those persons disposed to driving while intoxicated, and (3) to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication." Cannon v. Dep't of Licensing, 147 Wash.2d 41, 47, 50 P.3d 627 (2002). Under RCW 46.20.308(1), Washington drivers "are presumed to have consented to a breath or blood test to determine alcohol concentration if arrested for DUI, but drivers may refuse the test." State v. Elkins, 152 Wash.App. 871, 876, 220 P.3d 211 (2009). "`The choice to submit to or refuse the test is not a constitutional right, but rather a matter of legislative grace.'" Elkins, 152 Wash.App. at 876, 220 P.3d 211 (quoting State v. Bostrom, 127 Wash.2d 580, 590, 902 P.2d 157 (1995)).
¶ 11 RCW 46.20.308(2), Washington's implied consent statute, requires that:
The officer shall warn the driver, in substantially the following language, that:
(a) If the driver refuses to take the test, the driver's license, permit, or privilege to drive will be revoked or denied for at least one year; and
(b) If the driver refuses to take the test, the driver's refusal to take the test may be used in a criminal trial; and
(c) If the driver submits to the test and the test is administered, the driver's license, permit, or privilege to drive will be suspended, revoked, or denied for at least ninety days if the driver is age twenty-one or over and the test indicates the alcohol concentration of the driver's breath or blood is 0.08 or more, or if the driver is under age twenty-one and the test indicates the alcohol concentration of the driver's breath or blood is 0.02 or more, or if the driver is under age twenty-one and the driver is in violation of RCW 46.61.502 or 46.61.504; and
(d) If the driver's license, permit, or privilege to drive is suspended, revoked, or denied the driver may be eligible to immediately apply for an ignition interlock driver's license.
Washington courts review the warnings the arresting officer provided to ensure that the officer provided all the required warnings and that they were not inaccurate or misleading. See Gonzales v. Dep't of Licensing, 112 Wash.2d 890, 896-98, 774 P.2d 1187 (1989). "The warnings must permit someone of normal intelligence to understand the consequences of his or her actions." Jury, 114 Wash.App. at 731, 60 P.3d 615.
¶ 12 "The result of a breath test must be suppressed if (1) the inaccurate warning deprives the driver of the opportunity to make a knowing and intelligent decision, and (2) the driver demonstrates that [s]he was actually prejudiced by the inaccurate warning." Dep't of Licensing v. Grewal, 108 Wash.App. 815, 822, 33 P.3d 94 (2001) (footnote omitted); see also Gonzales, 112 Wash.2d at 902, 774 P.2d 1187. But an arresting officer need not ensure that the driver does in fact make a knowing and intelligent decision regarding whether to refuse the test; the driver only needs to have the opportunity to exercise informed judgment. Medcalf v. Dep't of Licensing, 133 Wash.2d 290, 299, 944 P.2d 1014 (1997). Such opportunity is provided when, before being asked to submit to a breath or blood test, the officer informs the driver of the rights and consequences under the statute. Jury, 114 Wash.App. at 731-32, 60 P.3d 615.
¶ 13 The exact words of the implied consent statute are not required "so long as the meaning implied or conveyed is not different *70 from that required by the statute." Jury, 114 Wash.App. at 732, 60 P.3d 615. A warning, either in general language or in statutory terms, which neither misleads nor is inaccurate and which permits the suspect to make inquiries for further details is adequate. Jury, 114 Wash.App. at 732, 60 P.3d 615; Clyde Hill v. Rodriguez, 65 Wash.App. 778, 784-85, 831 P.2d 149 (1992).
¶ 14 Here, the implied consent warnings Garden read to Lynch contained all the statutorily required warnings under RCW 46.20.308 as well as an additional warning regarding CDL disqualification. The parties agree that the warnings were a correct statement of the law.
¶ 15 The last paragraph of the warnings, which includes the warning regarding CDL disqualification and which is the focus of Lynch's appeal, is not required by the implied consent statute but rather its origins are from RCW 46.25.090(1). Lynch and the State disagree whether the warnings as provided to Lynch would mislead a driver of normal intelligence to believe that (1) her CDL endorsement disqualification would be for the same period of time as her driver's license suspension or revocation or (2) she could apply for an ignition interlock license to remedy the CDL disqualification.
¶ 16 Washington courts have held that warnings were inaccurate or misleading when (1) the arresting officer failed to inform driver of the right to take additional tests, Connolly v. Dep't of Motor Vehicles, 79 Wash.2d 500, 504, 487 P.2d 1050 (1971); (2) the arresting officer stated that a refusal "shall," as opposed to "may," be used in a criminal trial, State v. Whitman County Dist. Court, 105 Wash.2d 278, 287-88, 714 P.2d 1183 (1986); (3) the arresting officer attempted to clarify the warnings by telling the driver that her license would "probably" be suspended if she refused the test, Mairs v. Dep't of Licensing, 70 Wash.App. 541, 545-46, 854 P.2d 665 (1993); (4) the arresting officer told the driver that if he refused to take the test, his license would be revoked "probably for at least a year," which the court found to be inaccurate because it "implie[d] that a possibility exist[ed] that [the driver's] license might be revoked for less than 1 year," Cooper v. Dep't of Licensing, 61 Wash.App. 525, 528, 810 P.2d 1385 (1991); and (5) the arresting officer informed the driver that additional tests would be at his own expense, failing to inform the driver that, if the driver were indigent, the costs would be waived. State v. Bartels, 112 Wash.2d 882, 889, 774 P.2d 1183 (1989).
¶ 17 In each of these cases, the inadequate warnings either omitted a portion of the warnings the implied consent statute mandated or were legally inaccurate. Lynch has cited no authority providing that legally accurate warnings were misleading. On the other hand, our courts have held that the warnings provided were not inaccurate or misleading when, (1) in addition to the implied consent statute's required warnings, the officer informed the driver of the RCW section and description of the offense for which he was arrested, Grewal, 108 Wash. App. at 821-22, and (2), 33 P.3d 94 the warnings provided contained all the statutorily required warnings, as well as additional information about what would happen if the driver violated the criminal statutes that prohibit driving while under the influence. Pattison v. Dep't of Licensing, 112 Wash.App. 670, 676-77, 50 P.3d 295 (2002).
¶ 18 Lynch argues that the warnings she received falsely encouraged her to submit to the breath test by implying that her CDL would be disqualified for the same period as her personal driver's license suspension or revocation, namely, 90 days if she failed the breath test and one year if she refused to take the test. Lynch points out that under RCW 46.25.090, a driver's CDL is disqualified for "not less than one year" if the driver fails the breath test or refuses to take the test. But we disagree with Lynch because the warnings provided did not state the duration of her CDL disqualification and did not imply that such disqualification would be for the same period of time as her driver's license suspension.
¶ 19 The statement provided to Lynch concerning potential CDL disqualification followed the required implied consent warnings, identifying it as an additional consequence of having her personal driver's license either suspended or revoked. The warning Lynch *71 received was an accurate statement of the law concerning CDL disqualification. And the CDL notification referred to CDL "disqualification" as opposed to personal driver's license "suspension or revocation," correctly implying that it is a separate consequence. The warnings provided were not confusing or overly wordy but, rather, added to Lynch's body of knowledge to use in deciding whether to take the breath test or refuse it.
¶ 20 We hold that a person of normal intelligence, if provided the warnings read to Lynch, would not be led to believe either that the CDL disqualification (1) could be remedied by an ignition interlock driver's license or (2) would last only as long as the driver's license suspension or revocation. The warnings permitted Lynch to ask for further details, which she declined to do.

II. Actual Prejudice Not Shown
¶ 21 Lynch also claims that the warnings actually prejudiced her. "[A] showing of actual prejudice to the driver is appropriate in a civil action where the arresting officer has given all of the warnings, but merely failed to do so in a 100 percent accurate manner." Thompson v. Dep't of Licensing, 138 Wash.2d 783, 797 n. 8, 982 P.2d 601 (1999).
¶ 22 Lynch relies on Whitman, 105 Wash.2d at 287, 714 P.2d 1183, Gonzales, 112 Wash.2d at 901, 774 P.2d 1187, Graham v. Dep't of Licensing, 56 Wash.App. 677, 680, 784 P.2d 1295 (1990), and Gahagan v. Dep't of Licensing, 59 Wash.App. 703, 706-07, 800 P.2d 844 (1990) to support her argument that the given warnings prejudiced her but, in these cases, the court first found that the warnings were inaccurate because they improperly omitted that an indigent driver need not pay for additional tests.
¶ 23 Lynch also relies on Thompson. Thompson involved a collateral estoppel doctrine issue and the court addressed the prejudice requirement only in dicta in a footnote. 138 Wash.2d at 797 n. 8, 982 P.2d 601. The Department had found that the implied consent warnings given were, in fact, not confusing or misleading because each warning correctly stated the law. Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601. Thompson signed the implied consent forms, expressed no confusion, and told the arresting officer he understood them. Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601 (citing Thompson v. Dep't of Licensing, 91 Wash.App. 887, 896-97, 960 P.2d 475 (1998)). Our court "held there was no prejudice because Thompson's commercial license would have been disqualified for one year no matter what course he took. That is, refusal would have resulted in a one-year disqualification under the statute, and taking the test resulted in a one-year disqualification because his reading was above 0.04." Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601. In the same footnote, the Supreme Court characterized the appellate court's prejudice analysis as "too facile." Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601. It agreed with Thompson's contention that, "`If the Court of Appeals is correct [about] the meaning of prejudice, then the trooper did not need to give Thompson any implied consent warnings, because no matter what Thompson's decision, the penalty would be the same, and therefore, no prejudice.'" Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601 (quoting Thompson, 91 Wash.App. 887, 960 P.2d 475; Pet. for Review at 7). Moreover, the Supreme Court stated that the appellate court's analysis "provide[d] no disincentive to law enforcement officials to give improper implied consent warnings." Thompson, 138 Wash.2d at 797 n. 8, 982 P.2d 601.
¶ 24 Here, Lynch argues that, if the CDL warning had not been given to her, she would have strategically refused the BAC test to assist her defense of potential criminal charges arising from the incident. This represents speculation about subsequent actions by the State on this record, as there is no evidence of criminal proceedings before us. The issue in this case is the Department's civil action suspending and disqualifying Lynch's licenses, not criminal charges. Furthermore, if a driver intends to always refuse the BAC test in hopes of defeating possible subsequent criminal charges, then license suspension, revocation, and disqualification of at least one year will result from that refusal and will be a factor in most civil proceedings.
*72 ¶ 25 We hold that implied consent warnings that are neither inaccurate nor misleading do not result in prejudice to the driver in civil proceedings. Because the warnings here were accurate and not misleading, and Lynch confirmed to the arresting officer that she understood the warnings, her claim of actual prejudice in the civil proceedings fails. Thus, we affirm the Department's orders suspending her personal license and disqualifying her CDL endorsement, in effect, reversing the superior court and holding that the warnings provided to Lynch were sufficient as RCW 46.20.308 requires, not misleading, and did not prejudice Lynch.
We concur: PENOYAR, C.J., and JOHANSON, J.
NOTES
[1] The portable breath test measures the concentration of alcohol in a person's breath to determine their blood alcohol level and whether it is above the legal limit. See State v. Robbins, 138 Wash.2d 486, 492, 980 P.2d 725 (1999); State v. Crediford, 130 Wash.2d 747, 755-56, 766, 927 P.2d 1129 (1996). "When used to establish blood alcohol levels, breath testing devices use a mathematical constant to approximate the percentage of alcohol in the blood based on the amount of alcohol present in a breath sample." State v. Brayman, 110 Wash.2d 183, 187-88, 751 P.2d 294 (1988).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] RCW 46.20.3101 states, in relevant part:

Pursuant to RCW 46.20.308, the department shall suspend, revoke, or deny the arrested person's license, permit, or privilege to drive as follows:
. . . .
(2) In the case of an incident where a person has submitted to or been administered a test or tests indicating that the alcohol concentration of the person's breath or blood was 0.08 or more:
(a) For a first incident within seven years, where there has not been a previous incident within seven years that resulted in administrative action under this section, suspension for ninety days;
(b) For a second or subsequent incident within seven years, revocation or denial for two years.
[4] RCW 46.25.090 states:

(1) A person is disqualified from driving a commercial motor vehicle for a period of not less than one year if a report has been received by the department pursuant to RCW 46.20.308 or 46.25.120, or if the person has been convicted of a first violation, within this or any other jurisdiction, of:
(a) Driving a motor vehicle under the influence of alcohol or any drug;
(b) Driving a commercial motor vehicle while the alcohol concentration in the person's system is 0.04 or more, or driving a noncommercial motor vehicle while the alcohol concentration in the person's system is 0.08 or more, or is 0.02 or more if the person is under age twenty-one, as determined by any testing methods approved by law in this state or any other state or jurisdiction;
. . . .
(e) Refusing to submit to a test or tests to determine the driver's alcohol concentration or the presence of any drug while driving a motor vehicle.
[5] We consider appeals from superior court orders affirming or reversing driver's license suspensions as motions for discretionary review under RAP 2.3(d). Eide v. Dep't of Licensing, 101 Wash.App. 218, 222-23, 3 P.3d 208 (2000).