[No. 2851-3. Division Three. May 15, 1979.]

LINDA E. BRANDLEY, *Appellant,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

340

*Gerald R. Tarutis* and *John M. Clark* (*John Rosendahl, Legal Intern*) of *Evergreen Legal Services*, for appellant.

*Slade Gorton, Attorney General,* and *Joseph M. Little-more, Senior Assistant,* for respondent.

MUNSON, J.—Linda Brandley appeals an Employment Security Department commissioner's decision denying her unemployment benefits because she was not immediately available for work. RCW 50.20.010(3).[1] This appeal presents two issues: (1) The proper standard of appellate

_____

[1]RCW 50.20.010 provides:

"An unemployed individual shall be eligible to receive . . . benefits with respect to any week in his eligibility period only if the commissioner finds that

. . .
"
. . .

"(3) he is able to work, and is available for work in any trade, occupation, pro-

review; and (2) the construction to be given the phrase "ready, able and willing immediately to accept any suitable work" in the undisputed factual context of this case. We reverse, noting that this opinion does not authorize benefits carte blanche for a recipient's vacation.

Ms. Brandley was temporarily employed by the United States Forestry Service as a forest technician at the Naches Ranger Station and was terminated December 7, 1976, when her temporary appointment ended. She received benefits for the week ending December 11. On December 15, 1976, she left Ellensburg and flew to Kansas to visit her family, at their expense, for the Christmas holidays. She returned on January 6, 1977. During those 4 weeks she sent 13 letters and resumes seeking forestry work, primarily to governmental agencies. She mailed letters to agencies in all of the northwestern states and also to Utah, Nevada, Colorado, New Mexico, and Louisiana. While in Kansas she sought temporary Christmas work without success. Before leaving Ellensburg, she arranged to have her mail forwarded from any prospective employers. The commissioner found her work search was sufficient,[2] but because she was some distance from Washington, during the winter, there would be too much delay and difficulty in contacting her;

---

fession, or business for which he is reasonably fitted. *To be available for work an individual must be ready,* able, and willing, *immediately to accept any suitable work* which may be offered to him *and must be actively seeking work pursuant to customary trade practices and through other methods when so directed by the commissioner or his agents; . . ."* (Italics ours.)

[2]The commissioner's finding, contrary to that of the appeal tribunal which initially heard her appeal, stated in pertinent part:

"We do not concur with some of the rationale and phraseology of the Appeal Tribunal's Conclusion No. 3. We do not consider the petitioner's search to be *pro forma.* It is true that some of the employers in the type of work she then sought, especially those in the private sector, would lend themselves to personal contacts. However, the type of work she sought in that area also lends itself to letters and resumes, especially with the federal government. This is a case where, for at least a period of time, we consider that a search by letter and resume (and in contact with her former federal employer) is sufficient, particularly since the local office had no objection."

therefore, she was not immediately available for work as required by RCW 50.20.010(3).

I. PROPER STANDARD OF REVIEW

■ An appellate court accepting an appeal from an agency decision applies the proper standard of review directly to the record of the administrative proceedings and not to the findings and conclusions of the superior court. *Standow v. Spokane,* 88 Wn.2d 624, 637, 564 P.2d 1145 (1977). Unless an agency's decision involves only questions of fact, the proper standard of review is the error–of–law standard. RCW 34.04.130(6)(d). *State Ferries v. International Organization of Masters, Mates & Pilots,* 20 Wn. App. 887, 584 P.2d 397 (1978); *cf. ITT Rayonier, Inc. v. Department of Ecology,* 91 Wn.2d 682, 586 P.2d 1155 (1979); *Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 282, 525 P.2d 774 (1974). Under such standard, the court exercises its inherent and statutory authority to make a de novo review independent of the commissioner's decision. *Daily Herald Co. v. Department of Employment Security,* 91 Wn.2d 559, 561, 588 P.2d 1157 (1979); *Leschi Improvement Council v. State Highway Comm'n, supra; Department of Revenue v. Boeing Co.,* 85 Wn.2d 663, 538 P.2d 505 (1975); *Short v. Clallam County,* 22 Wn. App. 825, 593 P.2d 821 (1979).

Since there is a dispute here both as to the propriety of the inferences drawn by the agency from the agreed facts and as to the meaning of the statutory term, "availability," there exists a mixed question of law and fact. *Daily Herald Co. v. Department of Employment Security, supra* at 561; *Leschi Improvement Council v. State Highway Comm'n, supra* at 283; *Short v. Clallam County, supra* at 831. Neither the "clearly erroneous" standard of RCW 34.04-.130(6)(e), nor the "arbitrary and capricious" standard of RCW 34.04.130(6)(f) is applicable; the error of law standard is proper here. RCW 34.04.130(6)(d). *Daily Herald Co. v. Department of Employment Security, supra.*

## II. Construction of "Availability"

The remaining question is whether the commissioner erred in concluding[3] that Ms. Brandley was not "immediately" available for work during the 4-week period that she was in Kansas.

▮ No prescribed set of factors determines "availability"; each case depends largely upon its own peculiar facts and circumstances. *See Denver Post, Inc. v. Department of Labor & Indus.*, 41 Colo. App. 275, 586 P.2d 1342, 1345 (1978). While the words of this statute (RCW 50.20.010) give a general description of what is necessary to constitute availability, "its application to a specific case hinges to a great extent upon the significance and shade of emphasis to be given various . . . [words] used therein, when considered in the light of the particular situation presented." *Jacobs v. Office of Unemployment Compensation & Placement*, 27 Wn.2d 641, 652, 179 P.2d 707 (1947).

In re Blixt, Comm'r Dec. 108, at 2 (1954), is enlightening on the construction of the phrase "immediately available." That case involved a professional researcher who had gone to California to take an examination for a position there (admittedly not on a vacation).

> *The standard by which we weigh the word "immediately" is a flexible standard, and the rule must be determined by a consideration of the location of, and employment practices for, the particular occupation involved.* It would seem proper to expect an individual seeking work as an assistant in a research department, by the very nature of the position, to search for work in distant states, and to explore each apparently bona fide employment opportunity. If the Employment Security Department had referred the appellant to the prospective job opportunity, a refusal by the appellant to make a

---

[3]The commissioner held:

"We consider that the true basis for denial of benefits for the period in question in this particular case should be that which was used in the Determination Notice. That was predicated on the fact that the petitioner was visiting her family for the holidays in a state removed some distance from Washington, in winter, and there would be too much delay and difficulty in contacting her so as to be immediately available for work."

proper investigation, and perhaps a trip to California, would not have been lightly considered.

*The willingness of the subject to immediately accept work was within the meaning of "immediacy" as it relates to the type of work which he was seeking.* Openings in the research field are not ruled by the urgency found in industrial operations.

The Commissioner concludes that an individual seeking employment in a professional occupation in which opportunities are not numerous and then to be found perhaps in relatively distant locations, will not be subject to ineligibility as being not ready, able, and willing, immediately to accept suitable work under this Act when such individual responds to a bona fide employment opportunity, and does not unreasonably delay his return to local office area.

(Italics ours.)

Here, the evidence indicated that it is customary in the forestry profession to send out letters of application and resumes in which the prospective employer would then send a letter of inquiry giving the applicant 2 weeks to reply. Ms. Brandley's former employer was asked to forward her mail or to phone her if there were such letters; in fact, he did forward one letter. The local employment office had advised her to contact two to four employers per week and had no objection to a search by letter. Ms. Brandley stated that job openings in her field did not become available within 24 to 48 hours and she would have been ready and willing to leave Kansas at any time if an opening or request for an interview had occurred.[4] It was only after

---

[4]The commissioner, in support of his decision, cited a prior case finding non-availability where the jobs sought were not of a professional nature, and ordinarily did become available immediately:

"The commissioner understands appellant's contention to be, that appellant, having made sufficient arrangements with his local office and union relating to his whereabouts and his availability for work in the event work became available, and that these arrangements were made prior to his departure for Minneapolis, and the further fact that he was only four to five hours flying time away from his labor market in Seattle, that he was therefore available within the meaning of Section 68(3) [RCW 50.20.010(3)] of the Act.

". . .

the period in question that the department issued a directive to her to seek work outside her field; she apparently complied.

Under these circumstances and applying the standard of the commissioner defined in Blixt, Ms. Brandley was as immediately available as possible, given the type of work she was seeking. Ms. Brandley's distance during her absence from the state did not affect her availability since her job search was a national one; she was closer to some states to which she had sent letters while she was in Kansas than if she had been here. It is difficult to imagine what she could have done differently if she had stayed in Ellensburg. In light of this particular situation, we find that Ms. Brandley has sustained her burden of proof in establishing her availability and thus her right to benefits under the act. *Jacobs v. Office of Unemployment Compensation & Placement, supra* at 651.

RCW 50.32.160 provides for reasonable attorney's fees to be paid to a claimant from state funds if the decision of the

---

"The appellant has placed great emphasis on his ability to return to his normal labor market within a few hours, as proof of his availability for work. The record indicates that approximately four to five hours flying time separates the cities of Minneapolis and Seattle, and that two planes are available each day. However, for the appellant to argue that he was at all times only four to five hours away from his labor market, and therefore available, is *non sequitur*, as such a conclusion is based entirely on the assumption that optimum conditions would prevail at the time he would want to leave Minneapolis in order to be in Seattle so that he could take available work. In other words, the appellant assumes that he would receive a phone call from his union or wife in Seattle, and that there would be no delay in locating him in Minneapolis. He further assumes that he could obtain reservations on a plane which would be leaving at the very moment he wished to depart. No consideration has been given to weather conditions as being cause for further delay. Reason alone would compel a conclusion that under *normal* conditions several hours would elapse between the time appellant would receive word of available work and his ultimate arrival on the job.

"In view of the foregoing, the Commissioner concludes that it would be necessary to place a strained construction on Section 68(3) [RCW 50.20.010(3)] of the Act to hold that the appellant was available to his labor market in such a manner as to be . . . ready, able, and willing, *immediately* to accept any suitable work which may be offered to him . . . (Emphasis mine.) . . ." In re Anderson, Comm'r Dec. 134, at 1, 2 (1954).

commissioner is reversed or modified. Thus, Ms. Brandley is entitled to attorney's fees.

Judgment reversed and remanded to determine the amount of the benefits owed her for the 4–week period and attorney's fees.

McINTURFF and ROE, JJ., concur.