[No. 66532-4-I.   Division One.   July 2, 2012.]

JESSE O. ALLEN, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Joel P. Nichols* (of *Deno Millikan Law Firm PLLC*), for appellant.

*Robert M. McKenna, Attorney General*, and *Anthony P. Pasinetti* and *Leah E. Harris, Assistants*, for respondent.

¶1 Cox, J. — Warnings given to a driver of a motor vehicle under Washington's implied consent statute may be neither inaccurate nor misleading.[1] The warnings must permit a person of " 'normal intelligence to understand the consequences of his or her actions.' "[2] Here, Jesse Allen claims that the implied consent warnings that he received after his arrest for driving under the influence (DUI) misled him about the length of time his commercial driver's license (CDL) would be disqualified and that it did so to his prejudice. Because the warnings in this case were neither inaccurate nor misleading, we affirm.

¶2 Based on several moving traffic violations, a deputy with the Snohomish County Sheriff's Office stopped Allen, who was driving his personal vehicle. During his interactions with the officer and a state trooper who arrived on the scene following the traffic stop, Allen exhibited signs of having consumed too much alcohol. Among other things, he submitted to a voluntary portable breath test that indicated his blood alcohol content (BAC) was 0.120.[3] Based on these circumstances, Allen was arrested.

---

[1] *Lynch v. Dep't of Licensing*, 163 Wn. App. 697, 706, 262 P.3d 65 (2011) (citing *Gonzales v. Dep't of Licensing*, 112 Wn.2d 890, 896-98, 774 P.2d 1187 (1989)).

[2] *Id.* (quoting *Jury v. Dep't of Licensing*, 114 Wn. App. 726, 731, 60 P.3d 615 (2002)).

[3] Clerk's Papers at 172.

¶3 After the arrest, the state trooper provided Allen written implied consent warnings, which we discuss in more detail later in this opinion. Allen agreed to take a breath test. Allen submitted to two tests that indicated his BACs were 0.137 and 0.138, respectively. Consistent with state law, the Department of Licensing (Department) suspended Allen's personal driver's license for 90 days because these results exceeded 0.08 BAC. Based on these same results and state and federal law, the Department also disqualified his CDL for one year.

¶4 Allen challenged the suspension of his license and CDL disqualification at an administrative hearing. The hearing officer sustained the Department's action. The Snohomish County Superior Court affirmed the Department's order on review.

¶5 Allen seeks further review.

## IMPLIED CONSENT WARNINGS

¶6 Allen argues that the implied consent warning given to him misleads commercial drivers regarding the length of the minimum disqualification of a CDL. According to him, the warnings imply that this period of disqualification is 90 days rather than the one year period mandated by law. We disagree.

■ ■ ¶7 Our review of the Department's decision is governed by the Administrative Procedure Act.[4] In reviewing the Department's decision, we sit in the same position as the superior court.[5] The proper standard of review is applied directly to the record of the administrative proceedings and not to the findings and conclusions of the superior

---

[4] *See* RCW 34.05.570; *Utter v. Dep't of Soc. & Health Servs.*, 140 Wn. App. 293, 299, 165 P.3d 399 (2007) (citing *Burnham v. Dep't of Soc. & Health Servs.*, 115 Wn. App. 435, 438, 63 P.3d 816 (2003)).

[5] *Utter*, 140 Wn. App. at 299 (quoting *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998)).

court.[6] We review administrative orders to determine whether the Department committed any errors of law, and findings of fact are upheld if supported by substantial evidence.[7] The validity of implied consent warnings is a question of law that we review de novo.[8] The challenging party, Allen, bears the burden of demonstrating the invalidity of the Department's decision.[9]

¶8 Washington's implied consent statute, RCW 46.20.308, was enacted to discourage persons from driving motor vehicles while under the influence of alcohol or drugs, to remove the driving privileges of those persons disposed to driving while intoxicated, and to efficiently gather reliable evidence of intoxication or nonintoxication.[10] Under the statute, Washington drivers are presumed to have consented to a breath or blood test to determine their BAC if arrested for DUI, but drivers may refuse the test.[11] " 'The choice to submit to or refuse the test is not a constitutional right, but rather a matter of legislative grace.' "[12]

¶9 The statute requires that the arresting police officer warn the driver, in substantially the following language:

> (a) If the driver refuses to take the test, the driver's license, permit, or privilege to drive will be revoked or denied for at least one year; and

> (b) If the driver refuses to take the test, the driver's refusal to take the test may be used in a criminal trial; and

---

[6] *D.W. Close Co. v. Dep't of Labor & Indus.*, 143 Wn. App. 118, 125, 177 P.3d 143 (2008) (quoting *Brandley v. Dep't of Emp't Sec.*, 23 Wn. App. 339, 342, 595 P.2d 565 (1979)).

[7] *Id.* (citing RCW 46.20.308(9); *Clement v. Dep't of Licensing*, 109 Wn. App. 371, 374, 35 P.3d 1171 (2001)).

[8] *Lynch*, 163 Wn. App. at 705 (citing *Jury*, 114 Wn. App. at 731).

[9] RCW 34.05.570(1)(a).

[10] *Lynch*, 163 Wn. App. at 705 (quoting *Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 47, 50 P.3d 627 (2002)).

[11] *State v. Elkins*, 152 Wn. App. 871, 876, 220 P.3d 211 (2009).

[12] *Id.* at 876 (quoting *State v. Bostrom*, 127 Wn.2d 580, 590, 902 P.2d 157 (1995)).

(c) If the driver submits to the test and the test is administered, the driver's license, permit, or privilege to drive will be suspended, revoked, or denied for at least ninety days if the driver is age twenty-one or over and the test indicates the alcohol concentration of the driver's breath or blood is 0.08 or more, or if the driver is under age twenty-one and the test indicates the alcohol concentration of the driver's breath or blood is 0.02 or more, or if the driver is under age twenty-one and the driver is in violation of RCW 46.61.502 or 46.61.504; and

(d) If the driver's license, permit, or privilege to drive is suspended, revoked, or denied the driver may be eligible to immediately apply for an ignition interlock driver's license.[13]

¶10 A person who has a CDL and refuses to take the breath test, or who submits to the test and has a BAC of 0.08 or greater, faces the collateral consequence of a one year disqualification of his CDL.[14] Our state statute, RCW 46.20.308(2), does not require an arresting officer to notify a driver of this collateral consequence.

¶11 We review the implied consent warnings given by an arresting officer to ensure that the officer provided all the required warnings and that they were not inaccurate or misleading.[15] " 'The warnings must permit someone of normal intelligence to understand the consequences of his or her actions.' "[16]

¶12 The result of a breath test must be suppressed if an inaccurate warning deprives the driver of the opportunity to make a knowing and intelligent decision, and the driver demonstrates that he was actually prejudiced by the warning.[17] An arresting officer need not ensure that the driver

---

[13] RCW 46.20.308(2).

[14] RCW 46.25.090.

[15] *Lynch*, 163 Wn. App. at 706 (citing *Gonzales*, 112 Wn.2d at 896-98).

[16] *Id.* (quoting *Jury*, 114 Wn. App. at 731).

[17] *Id.* at 706-07 (quoting *Grewal v. Dep't of Licensing*, 108 Wn. App. 815, 822, 33 P.3d 94 (2001)).

actually makes a knowing and intelligent decision.[18] Rather, the officer need only provide the driver the opportunity to exercise informed judgment by notifying him of his rights and consequences under RCW 46.20.308(2).[19] A warning that is not misleading or inaccurate and that permits the driver to ask questions is adequate.[20]

¶13 Here, Allen does not assign error to any of the Department's factual findings. Accordingly, we deem them to be verities on appeal.[21]

¶14 While review of this case was pending, Division Two of this court decided a similar matter in *Lynch v. Department of Licensing*.[22] We agree with the analysis and conclusion in that case.

¶15 There, as here, the driver claimed that implied consent warnings denied her the opportunity to make a knowing and intelligent decision whether to take the Breathalyzer test.[23] Specifically, she argued that the warnings were misleading as to the length of the CDL disqualification upon taking and failing the test.[24] The superior court reversed the decision of the Department, holding that the warnings were misleading and also prejudicial.[25] Division Two disagreed and reversed the superior court.[26]

---

[18] *Id.* at 707.

[19] *Id.* (citing *Jury*, 114 Wn. App. at 731-32).

[20] *Id.* (citing *Jury*, 114 Wn. App. at 732; *Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 784, 831 P.2d 149 (1992)).

[21] *See Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 407, 858 P.2d 494 (1993) (unchallenged findings of fact made by an agency are verities on appeal).

[22] 163 Wn. App. 697, 262 P.3d 65 (2011).

[23] *Id.* at 703.

[24] *Id.* at 704.

[25] *Id.*

[26] *Id.* at 711.

¶16 In that case, the appellate court noted that the parties agreed that the warnings were a correct statement of the law.[27] Allen does not argue otherwise in this case.

¶17 The warnings given in that case conformed with the requirements of RCW 46.20.308. They also included an additional warning, which is not required by state statute, regarding CDL disqualification:

"1.  You are now advised that you have the right to refuse this breath test; and that if you refuse:

   "(a)  Your driver's license, permit, or privilege to drive will be revoked or denied by the [D]epartment . . . for at least one year; and

   "(b)  Your refusal to submit to this test may be used in a criminal trial.

"2.  You are further advised that if you submit to this breath test, and the test is administered, your driver's license, permit, or privilege to drive will be suspended, revoked, or denied by the [D]epartment . . . for at least ninety days if you are:

   "(a)  Age twenty-one or over and the test indicates the alcohol concentration of your breath is 0.08 or more, or you are in violation of RCW 46.61.502, driving under the influence, or RCW 46.61.504, physical control of a vehicle under the influence; or

   "(b)  Under age twenty-one and the test indicates the alcohol concentration of your breath is 0.02 or more, or you are in violation of RCW 46.61.502, driving under the influence, or RCW 46.61.504, physical control of a vehicle under the influence.

"3.  If your driver's license, permit, or privilege to drive is suspended, revoked, or denied, you may be eligible to immediately apply for an ignition interlock driver's license.

"4.  You have the right to additional tests administered by any qualified person of your own choosing.

---

[27] *Id.* at 707.

*"For those not driving a commercial motor vehicle at the time of arrest:* If your driver's license is suspended or revoked, your commercial driver's license, if any, will be disqualified."[28]

¶18   Lynch argued that the last paragraph, which focuses on consequences that are applicable to those who are not driving a commercial vehicle when arrested but who also have a CDL, was misleading.[29] He argued that it implied that the CDL disqualification would be for the same duration as the suspension or revocation of the driver's personal license, which is 90 days.[30] In fact, the minimum CDL disqualification is one year.[31]

■ ¶19   Division Two rejected this argument. The court stated:

[T]he warnings provided did not state the duration of [Lynch's] CDL disqualification and did not imply that such disqualification would be for the same period of time as her driver's license suspension.

The statement provided to Lynch concerning potential CDL disqualification followed the required implied consent warnings, identifying it as an additional consequence of having her personal driver's license either suspended or revoked. The warning Lynch received was an accurate statement of the law concerning CDL disqualification. And the CDL notification referred to CDL "disqualification" as opposed to personal driver's license "suspension or revocation," correctly implying that it is a separate consequence. The warnings provided were not confusing or overly wordy but, rather, added to Lynch's body of knowledge to use in deciding whether to take the breath test or refuse it.

We hold that a person of normal intelligence, if provided the warnings read to Lynch, would not be led to believe that the CDL disqualification . . . would last only as long as the driver's

---

[28] *Id.* at 701-02 (some emphasis added) (alterations in original).

[29] *Id.* at 707-09.

[30] *Id.* at 705.

[31] *See* RCW 46.25.090.

license suspension or revocation. The warnings permitted Lynch to ask for further details, which she declined to do.[32]

¶20  We agree with *Lynch*.

¶21  Here, the state trooper who administered the BAC tests provided Allen with the following written warnings following his arrest for DUI and prior to administering the tests:

### IMPLIED CONSENT WARNING FOR BREATH
*WARNING! YOU ARE UNDER ARREST FOR:*

. . . .

. . . RCW 46.61.502 or RCW 46.61.504: Driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor and/or drugs.

. . . .

FURTHER, YOU ARE NOW BEING ASKED TO SUBMIT TO A TEST OF YOUR BREATH WHICH CONSISTS OF TWO SEPARATE SAMPLES OF YOUR BREATH, TAKEN INDEPENDENTLY, TO DETERMINE ALCOHOL CONCENTRATION.

1.  YOU ARE NOW ADVISED THAT YOU HAVE THE RIGHT TO REFUSE THIS BREATH TEST; AND THAT IF YOU REFUSE:

    (A)  YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE REVOKED OR DENIED BY THE DEPARTMENT OF LICENSING FOR AT LEAST ONE YEAR; AND

    (B)  YOUR REFUSAL TO SUBMIT TO THIS TEST MAY BE USED IN A CRIMINAL TRIAL.

2.  YOU ARE FURTHER ADVISED THAT IF YOU SUBMIT TO THIS BREATH TEST, AND THE TEST IS ADMINISTERED, YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE SUSPENDED, RE-

---

[32] *Lynch*, 163 Wn. App. at 709.

VOKED, OR DENIED BY THE DEPARTMENT OF LICENSING FOR AT LEAST NINETY DAYS IF YOU ARE:

(A) AGE TWENTY-ONE OR OVER AND THE TEST INDICATES THE ALCOHOL CONCENTRATION OF YOUR BREATH IS 0.08 OR MORE, OR YOU ARE IN VIOLATION OF RCW 46.61.502, DRIVING UNDER THE INFLUENCE, OR RCW 46.61.504, PHYSICAL CONTROL OF A VEHICLE UNDER THE INFLUENCE; OR

(B) UNDER AGE TWENTY-ONE AND THE TEST INDICATES THE ALCOHOL CONCENTRATION OF YOUR BREATH IS 0.02 OR MORE, OR YOU ARE IN VIOLATION OF RCW 46.61.502, DRIVING UNDER THE INFLUENCE, OR RCW 46.61.504, PHYSICAL CONTROL OF A VEHICLE UNDER THE INFLUENCE.

3. IF YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE IS SUSPENDED, REVOKED, OR DENIED, YOU MAY BE ELIGIBLE TO IMMEDIATELY APPLY FOR AN IGNITION INTERLOCK DRIVER'S LICENSE.

4. YOU HAVE THE RIGHT TO ADDITIONAL TESTS ADMINISTERED BY ANY QUALIFIED PERSON OF YOUR OWN CHOOSING.

*FOR THOSE NOT DRIVING A COMMERCIAL MOTOR VEHICLE AT THE TIME OF ARREST:* IF YOUR DRIVER'S LICENSE IS SUSPENDED OR REVOKED, YOUR COMMERCIAL DRIVER'S LICENSE, IF ANY, WILL BE DISQUALIFIED.[33]

¶22 Allen expressly agreed to take the tests after the above written warnings by checking the "YES" box and printing the word "YES" below his signature on the form.[34] Also, another box on the form is checked "NO," indicating

---

[33] Clerk's Papers at 193.

[34] *Id.*

that Allen did not "express any confusion regarding the implied consent warnings" at the time.[35]

¶23 As in *Lynch*, the implied consent warnings given to Allen tracked the language of the governing statute. For example, there is no dispute that taking and failing the breath test would result in a "suspen[sion], revo[cation], or denial" of a driver's license for "at least ninety days."[36] Furthermore, those "not driving a commercial vehicle at the time of arrest" faced "disqualif[ication]" of the CDL.[37] There is no specification of the minimum time for such disqualification. And a reading of the plain language of these warnings does not imply that the latter disqualification would be for the same length of time as the suspension, revocation, or denial of the personal driver's license. There simply is no statement as to the length of the CDL disqualification. In sum, a person of "normal intelligence" would understand the consequences of his or her actions on reading these warnings. There is nothing misleading about them.

¶24 Allen argues that the CDL disqualification language in the warnings implied that the CDL would be disqualified for 90 days, the same period as his personal driver's license, while the actual CDL disqualification is for one year. As we have just explained, Division Two rejected this same argument in *Lynch*. For the same reasons, we also do so in this case.

¶25 Allen argues that the CDL disqualification language implies that the disqualification will last as long as the driver's license suspension or revocation for two reasons. First, because a person cannot have a CDL endorsement without a valid personal license, the disqualification would logically be for the same period of time as any suspension or

---

[35] *Id.* This warning appears to be on a standardized form revised as of January 2009.

[36] *Id.*

[37] *Id.*

revocation. Second, the warning's use of the terms "suspended," "revoked," and "disqualified" in the same sentence leads to the conclusion that the disqualification will be for the same time period as the suspension or revocation. Neither argument is persuasive.

¶26 The CDL disqualification warning simply informs a driver that there will be collateral consequences to his CDL if his personal license is revoked or suspended. As the court held in *Lynch*, the warning's reference to a CDL "disqualification" rather than "suspension" or "revocation" indicates that the disqualification is a collateral consequence of driving while intoxicated.[38]

¶27 Allen also argues that when the CDL disqualification warning is read in conjunction with the other warnings required under RCW 46.20.308(2), the totality of the warnings makes the CDL disqualification warning misleading. This argument is without merit for the reasons previously explained.

## ACTUAL PREJUDICE

¶28 Allen concedes that he must also establish that the warning prejudiced him in order to prevail in this civil proceeding.[39] He contends he has done so by proving that he falls within the class of CDL drivers negatively affected by the allegedly misleading warnings. The Department argues that we need not reach this issue if we conclude that the warnings are not misleading.[40] In any event, the Department argues that in order to prove actual prejudice, Allen must show that (1) he falls within the class of persons that would be affected by the warnings, (2) a decision not to

---

[38] *Lynch*, 163 Wn. App. at 709.

[39] Petitioner/Appellant's Brief at 13; *see Lynch*, 163 Wn. App. at 706-07 (once a driver shows that the implied consent warnings given were inaccurate, he must also demonstrate that he was actually prejudiced by them before the result of a breath test will be suppressed (quoting *Grewal*, 108 Wn. App. at 822)).

[40] Brief of Respondent at 17-18.

take the breath test could have changed the outcome of his case, and (3) the allegedly misleading implied consent warnings actually influenced his decision to take the test.[41] Because we hold that the warnings are both accurate and not misleading, we need not address the issue of prejudice any further in this case.

¶29 We affirm the superior court's order affirming the Department's decision.

BECKER and ELLINGTON, JJ., concur.

---

[41] *Id.* at 23-24.